UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TRISTAN D.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-cv-00023-TWP-KMB |
| | ) |
| FRANK BISIGNANO, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION ON COMPLAINT FOR JUDICIAL REVIEW**

Plaintiff Tristan D. applied for disability benefits and supplemental security income from the Social Security Administration ("SSA") on August 23, 2022, alleging an onset date of July 12, 2022. [Dkt. 9-2 at 12.] Administrative Law Judge Cristen Meadows (the "ALJ") issued a decision on February 1, 2024, concluding that Tristan was not disabled and therefore not entitled to receive the requested benefits. [Dkt. 9-2 at 23.] The Appeals Council denied Tristan's request for review on December 6, 2024. [Dkt. 9-2 at 2.] On February 7, 2025, Tristan timely filed this civil action asking the Court to review the denial of benefits according to 42 U.S.C. § 405(g) and 28 U.S.C. § 1361. [Dkt. 1.]

This matter was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for a Report and Recommendation as to the appropriate disposition of the pending

---

[1] To protect the privacy interests of claimants for Social Security benefits, and consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first names and last initials of non-governmental parties in its Social Security judicial review opinion.

motion. For the reasons detailed herein, the Magistrate Judge recommends that the District Judge **REVERSE and REMAND** the Commissioner's decision finding that Tristan was not disabled.

## I. STANDARD OF REVIEW

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151 (2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Stephens*, 888 F.3d at 327. "[S]ubstantial evidence" is "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154). "Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327. Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch*, 981 F.3d at 601 (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)). "[E]ven under deferential standard of review for social security disability cases, an [ALJ] must provide a logical bridge between the evidence and [the] conclusions." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022) (internal quotations omitted).

The SSA applies a five-step evaluation to determine whether the claimant is disabled.

*Stephens*, 888 F.3d at 327 (citing 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4)). The ALJ must evaluate the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [the claimant's] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citations omitted). "If a claimant satisfies steps one, two, and three, [the claimant] will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then [the claimant] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id*. The ALJ uses the RFC at Step Four to determine whether the claimant can perform the claimant's own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 404.1520(a)(4)(iv), (v).

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Stephens*, 888 F.3d at 327. When an ALJ's decision does not apply the correct legal standard, a remand for further proceedings is usually the appropriate remedy. *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021). Typically, a remand is also

3

appropriate when the decision is not supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).

## II. BACKGROUND[2]

Tristan was 55 years old when he applied for disability benefits. [Dkt. 9-3 at 3.] He previously worked as a Direct Skill Professional. [Dkt. 9-6 at 12.]

The ALJ followed the five-step evaluation set forth by SSA in 20 C.F.R. § 404.1520(a)(4) and concluded that Tristan was not disabled. Specifically, the ALJ found as follows:

- At Step One, Tristan has not engaged in substantial gainful activity since July 12, 2022, the alleged onset date. [Dkt. 9-2 at 15.]

- At Step Two, Tristan has the following severe impairments: degenerative disc disease, scoliosis, major depression disorder, generalized anxiety disorder, and post-traumatic stress disorder. [*Id.*]

- At Step Three, Tristan does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [*Id.*]

- After Step Three but before Step Four, Tristan has the RFC "to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he is further limited to avoiding all exposure to hazards of unprotected heights or dangerous moving machinery; never driving commercially; performing low stress jobs, defined as jobs with only occasional decision making required and only occasional changes in the work setting or duties; never performing work requiring a specific production rate, such as assembly line work or work that requires hourly quotas; occasionally having brief interaction with the general public, coworkers, or supervisors; and never performing joint tasks with no over the shoulder supervision." [*Id.* at 17.]

- At Step Four, Tristan is unable to perform any past relevant work. [*Id.* at 21.]

- At Step Five, relying on testimony from the vocational expert ("VE"), and considering Tristan's age, education, and RFC, there were jobs that existed in the national economy that Tristan could have performed through the date of the decision, including a kitchen helper, counter supply worker, and house attendant cleaner. [*Id.* at 22.]

---

[2] The relevant evidence of record is set forth in the Parties' briefs and need not be repeated here. Specific facts relevant to the disposition of this case are discussed below as necessary.

## III. DISCUSSION

Tristan raises four issues with several subparts for the Court's review: (1) the ALJ erred by rejecting well-supported opinions of the examining medical sources; (2) the ALJ erred in her consideration of the state agency opinions; (3) the RFC fails to properly accommodate all of Plaintiff's conditions; and (4) the subjective symptom analysis was patently wrong because the ALJ improperly relied on her own lay determination of Plaintiff's symptoms. [Dkt. 12 at 1-2.] The undersigned begins with Tristan's argument that the RFC analysis does not address evidence bearing on his ability to remain on task and maintain regular attendance, which the undersigned considers to be dispositive.

### A.     Whether the RFC Properly Accommodates All of Tristen's Conditions

Tristan argues that the ALJ ignored abnormal findings that undermine the RFC analysis, particularly evidence of difficulties with concentration, persistence, and pace that suggest he would be off task for at least part of the workday. [Dkt. 12 at 18.] In support, Tristan points to opinions of his treating physician since December 2022, Dr. Boersma, who opined that Tristan would be off task approximately 10% of a typical workday and would miss an average of four days of work per month. [*Id.*; dkt. 9-7 at 112.] Tristan also cites treatment notes from consulting phycologist Dr. Mayle reflecting that Tristan's recent memory was marginal, [dkt. 9-7 at 94], as well as Tristan's hearing testimony that his daily pain is a six or seven out of ten and that he sometimes has to stop and leave grocery stores due to panic attacks, [dkt. 9-2 at 83].

Most significantly, Tristan relies on the hearing testimony of the vocational expert. [Dkt. 12 at 18.] At the hearing, the ALJ asked whether jobs would be available for an individual who would be off task 20% of the workday or absent from work two days per month. [Dkt. 9-2 at 89.] The vocational expert testified that no competitive employment would be available under either

5

scenario. [*Id*.] Tristan contends that the ALJ committed reversible error by failing to address this vocational testimony in the RFC determination and by failing to address off-task time or absenteeism at all in the written decision. [Dkt. 12 at 19.]

In response, the Commissioner argues that the ALJ reasonably evaluated the medical evidence and found that limitations related to off-task behavior or absenteeism were inconsistent with the overall severity of Plaintiff's mental impairments. [Dkt. 14 at 16.] The Commissioner contends that, having rejected the evidence supporting such limitations, the ALJ was not required to address evidence regarding off-task or absenteeism. [*Id*.] With respect to Tristan's argument that the ALJ should have addressed the vocational expert's responses to the ALJ's hypotheticals, the Commissioner relies on *Catherine D. v. O'Malley*, 2024 WL 4002574, 2024 U.S. Dist. LEXIS 156312 (S.D. Ind. Aug. 30, 2024), for the proposition that posing hypotheticals to a vocational expert does not obligate the ALJ to make findings on every domain referenced in those hypotheticals. [*Id*.]

In reply, Tristan reiterates that despite the evidence he presented, the ALJ never addressed whether he could meet on-task or attendance requirements necessary for sustained employment. [Dkt. 15 at 10.] Tristan argues that this omission is reversible error because his mental limitations prevent him from sustaining work activities over time, as required to remain employed. [*Id*.]

The RFC is "the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis," meaning eight hours per day for five days per week. SSR 96-8p, 1996 SSR LEXIS 5, 1996 WL 374184, at *2 (July 2, 1996). An ALJ need not use any "magic words" when formulating a claimant's RFC. *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019). However, "the ALJ must explicitly account for all of a claimant's limitations in [his] hypothetical [to the vocational expert], including limitations in concentration,

6

persistence, or pace, unless the vocational expert has independently reviewed the medical record." *DeCamp v. Berryhill*, 916 F.3d 671, 675 (7th Cir. 2019). The Seventh Circuit Court of Appeals has repeatedly cautioned that "someone with problems concentrating might not be able to complete a task consistently over the course of a workday, no matter how simple it may be." *Martin v. Saul*, 950 F.3d 369, 373-74 (7th Cir. 2020) (collecting cases).

In Tristan's case, the RFC is not supported by substantial evidence in this one important respect. The record contains several indications that Tristan's mental health symptoms interfere with his concentration, persistence, and pace ("CPP"). For example, Dr. Mayle's treatment notes reflect deficits in recent memory. [Dkt. 9-7 at 94.] Tristan also testified that he experiences immense pain on a daily basis, he constantly has to readjust himself while sitting, spends most of his days lying in bed, and that panic attacks sometimes require him to stop and leave grocery stores. [Dkt. 9-2 at 81-84.] Regarding CPP, the ALJ found that Tristan has "mild difficulties based on his admitted ability manage his personal finances, drive, and watch television for extended periods." [Dkt. 9-2 at 16.]

Though the ALJ fully discounted his opinions, Tristan's treating physician since 2022, Dr. Boersma, opined that Tristan would be off task approximately 10% of a typical workday and would miss an average of four days of work per month. [Dkt. 9-7 at 112.] The ALJ discounted Dr. Boersma's opinion because "[w]hile the record does support a degree of limitation with social interaction and the ability to adapt, there is no support in the treatment record, other than subjective allegations for a need for time off task or missed workdays, particularly if he is limited to low stress environments, no production rates or hourly quotas, and only occasional and brief interaction with others." [Dkt. 9-2 at 21.]

7

At the administrative hearing, the ALJ specifically asked the vocational expert whether competitive employment would be available for an individual who would be off task 20% of the workday or absent from work two days per month. [Dkt. 9-2 at 89.] The vocational expert testified that no jobs would be available under either scenario. [*Id*.] Despite that questioning, the ALJ's decision does not specifically address off-task time in any manner at any point in the decision. Under these circumstances, the Court agrees with Tristan that the ALJ erred by failing to explicitly consider off-task time whatsoever. *Lothridge v. Saul*, 984 F.3d 1227, 1234 (7th Cir. 2021) ("As the vocational expert testified, however, for [Claimant] to be employable, she would need to be able to stay on task for at least 90% of the workday and to have minimal tardiness and only one absence per month. The ALJ neither cited evidence that [Claimant] could meet these benchmarks nor addressed the evidence that she could not."); *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) ("The VE opined that a person so limited would lack the functional capacity to sustain *any* employment. But the ALJ failed to incorporate this opinion anywhere in the RFC, leaving the RFC altogether uninformed by considerations of off-task time or unplanned leave.").

Here, as in other cases, it "appears the ALJ had reason to believe Plaintiff might be off task at least [20]% of the time, or there would be no reason to have posed [the] hypothetical to the VE." *Gregory W. v. Saul*, No. 19 CV 6848, 2020 U.S. Dist. LEXIS 148754, 2020 WL 4816075, at *5 (N.D. Ill. Aug. 18, 2020); *see also Drew T. v. Kijakazi*, No. 1:21-cv-1844-MG-JRS, 2022 WL 4591456 at *21(S.D. Ind. Sept. 30, 2022) ("The ALJ seemed to recognize [Claimant's] CPP challenges with respect to staying on task when, in formulating an additional hypothetical for the VE, the ALJ incorporated the additional limitation of a person being off task (20% of the workday)…"). Yet, in this case, the ALJ's decision neglected to offer any analysis of off-task time, meaning that there is no logical bridge to follow. *Jacob D. v. Kililo Kijakazi*,

8

No. 20-cv-0554, 2021 WL 3674610, at *12-15 (N.D. Ill. Aug. 19, 2021) ("[T]he ALJ included no off-task discussion or finding or in her decision . . . . This is error, as there is no logical bridge to follow to any conclusion about off-task time.").

By itself, the ALJ's decision to discount Dr. Boersma's views might not be cause for vacating the decision, "but when combined with the ALJ's disregard of the highly relevant opinion of the VE—that an individual with [Tristan's] limitations who needed to be off-task 20% of the time was not employable—the resulting RFC formulation does not hold up." *See Crump,* 932 F.3d at 570; *cf. Spring W. v. Saul*, No. 20 C 1864, 2021 U.S. Dist. LEXIS 115055, 2021 WL 2529615, at *6 n.5 (N.D. Ill. June 21, 2021) ("[N]o doctor opined that [Plaintiff] would require an off-task time limitation, so [Plaintiff's] argument that the ALJ should have included an off-task time limitation, lacks merit."). The record also contains evidence of additional limitations—such as memory issues and pervasive panic attacks—that the ALJ was obliged to consider regarding potential absenteeism. *See Young v. Barnhart*, 362 F.3d 995, 1002-03 (7th Cir. 2004). From the ALJ's decision, we are unable to ascertain whether she did. The undersigned believes that this requires remand.

The Commissioner's reliance on *Catherine D. v. O'Malley*, 2024 WL 4002574 (S.D. Ind. Aug. 30, 2024), is unavailing. In *Catherine D.*, the ALJ affirmatively found that the claimant did not have off-task or attendance limitations, and the vocational hypotheticals at issue were not tied to unresolved functional findings in the RFC. *Id.* at *26. Here, by contrast, the ALJ raised off-task behavior and absenteeism at the hearing, elicited testimony that those limitations would be work-preclusive, but then failed to make any determination as to whether Tristan could meet those requirements. That analytical gap is precisely what the Seventh Circuit found to be reversible error in *Lothridge,* where the ALJ posed hypotheticals involving off-task time and

9

absences but failed to confront the vocational expert's responses in the RFC analysis. 984 F.3d at 1233.

The Court is "unable to trace the reasoning as to why the ALJ ultimately hypothesized an absenteeism accommodation to the VE but did not include such analysis" into her decision. *Drew T.*, 2022 WL 4591456, at *20-21. Evidence in the record from Tristan's treating physician, his consulting physician, and his own subjective testimony cast serious doubts on Tristan's ability to sustain employment for forty hours per week and five days per week. Indeed, the vocational expert's testimony established that even modest limitations in off-task behavior or absenteeism would be work-preclusive, but the ALJ's decision contains no finding regarding Tristan's ability to remain on task for a full workday or to maintain regular attendance. Without such findings, the Court cannot trace the path of the ALJ's reasoning or determine whether the RFC adequately captures Tristan's mental limitations. *See Lothridge*, 984 F.3d at 1234; *Crump*, 932 F.3d at 570. Accordingly, the undersigned believes that remand is required so that the ALJ may explicitly evaluate and explain whether Tristan can meet the basic on-task and attendance requirements of competitive employment, and, if so, how that conclusion is supported by the record.

### B. Other Arguments

The Parties disagree about the other issues raised by Tristen in his opening brief. Having found that it is necessary to recommend remand for the reasons detailed above, the undersigned declines to substantively address the Parties' remaining arguments. Either Party may raise those arguments on remand if appropriate to do so.

## IV. CONCLUSION

For the reasons detailed herein, the Magistrate Judge **RECOMMENDS** that the District Judge **REVERSE and REMAND** the Commissioner's decision finding that Tristan was not disabled.  Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P 72(b).  The failure to file objections **within 14 days** of this Order will constitute a waiver of subsequent review absent a showing of good cause for that failure. **Counsel should not anticipate any extension of this deadline or any other related briefing deadlines.**

    So **RECOMMENDED.**

Date: 1/28/2026

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email